# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

SPECIALTY HOUSE OF CREATION, )
INCORPORATED, a New Jersey )
corporation, )
                                                               Plaintiff, )
)
v. )   Case No. 10-CV-371-GKF-TLW
)
QUAPAW TRIBE OF OKLAHOMA, )
a federally recognized Indian nation, )
)
                                                          Defendants. )

## OPINION AND ORDER

Before the court is the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by defendant Quapaw Tribe of Oklahoma ("Quapaw Tribe") (Dkt. #13). The court concludes that the Quapaw Tribe is immune from private suits brought under the federal patent law, and that the Tribe has not waived its immunity with regard to this suit.

### Analysis

"As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." *Kiowa Tribe of Okla. v. Manufacturing Tech., Inc.*, 523 U.S. 751, 754 (1998) (citations omitted). "Indian tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978). "This aspect of tribal sovereignty, like all others, is subject to the superior and plenary control of Congress." *Id.*

**A. Tribal Immunity from Patent Infringement Claims**

"It is settled that a waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *Id.* (quoting *U.S. v. Testan*, 424 U.S. 392, 399 (1976)). Federal patent law provides a right of private action to "whoever" violates the provision of 35 U.S.C. § 271. The statute defines the term "whoever" to include in part: "any State, any instrumentality of a State, and any officer or employee of a State or instrumentality of a State acting in his official capacity. Any State, and any such instrumentality, officer, or employee, shall be subject to the provisions of this title in the same manner and to the same extent as any nongovernmental entity." 35 U.S.C. § 271(h). Despite providing specifically for waiver of state sovereign immunity, the statute makes no waiver of the sovereign immunity of Indian Tribes in its text. *See* 35 U.S.C. § 271(a)-(c).

The only case raised by the parties that addresses tribal sovereign immunity under federal patent law is *Home Bingo Network v. Multimedia Games, Inc.*, 2005 WL 2098056 (N.D.N.Y. Aug. 30, 2005). The *Home Bingo* court held that, because federal patent law contains no express waiver of tribal sovereign immunity, the Miami Tribe of Oklahoma was immune from suit. *Id.* at *1. Using a similar analysis, the Second Circuit held that although the federal Copyright Act is a law of general application, Congress had not abrogated tribal immunity in adopting it. *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 357-58 (2nd Cir. 2000).

Plaintiff Specialty House of Creation, Incorporated ("Specialty House") nonetheless argues that federal patent law must waive tribal sovereign immunity because it is a statute of general applicability. It is well settled that a general statute whose terms apply to all persons includes Indians and Indian tribes. *See Donovan v. Coeur d'Alene Tribal Farm*, 751 F.2d 1113, 1115 (9th Cir. 1985); *Fed. Power Comm. v. Tuscarora Indian Nation*, 362 U.S. 99, 116 (1960). The fact that a

general statute applies to tribes, however, does not mean that Congress has waived tribal sovereign immunity from private suits brought thereunder. *See Bassett*, 204 F.3d at 357 (holding "the fact that a statute applies to Indian tribes does not mean that Congress abrogated tribal immunity in adopting it."); *Florida Paraplegic Ass'n v. Miccosukee Tribe of Indians*, 166 F.3d 1126, 1129-33 (11th Cir. 1999) (recognizing the Americans with Disabilities Act applied to tribes but tribal sovereign immunity prevented private lawsuits to enforce it). Specialty House points to no authority that Congress has expressly abrogated tribal sovereign immunity with respect to the enforcement of patents. Therefore, this court concludes that the Quapaw Tribe is immune from private suits under federal patent law.[1]

**B. Tribal Recognition**

Specialty House also argues that the Quapaw Tribe is not a sovereign because of a treaty of alliance it entered into with the Confederate States during the Civil War and a subsequent Agreement with the United States in September of 1865. It cites nothing, however, indicating that the United States has ever abrogated the Quapaw treaties of 1818, 1824, 1833, 1835, and 1867. In the Agreement of 1865, the Quapaws recognized that their actions in the Civil War had made them "liable to a forfeiture of all rights . . . which had been promised and guaranteed to them by the United States," but the United States stated its desire "to act with magnanimity with all parties deserving its clemency, and to re-establish order and legitimate authority among the Indian tribes." It is beyond

---

[1] Specialty House also argues that the U.S. Constitution prohibits this conclusion, citing the Preamble and Article Five. Neither of these provisions can be read to require the federal government to grant private individuals a right of action against a tribal sovereign to enforce a statutorily created patent interest.

dispute that the Quapaw Tribe is a federally recognized tribe. *See Indian Entities Recognized & Eligible to Receive Servs. From the BIA*, 74 Fed. Reg. 40,218, 40,221 (Aug. 11, 2009); 25 U.S.C. § 479a-1. It therefore enjoys tribal sovereign immunity.

**C. Waiver of Tribal Immunity**

Specialty House argues that the Quapaw Tribe waived any sovereign immunity it possessed in the Tribal-State Gaming Compact Between the Quapaw Tribe of Oklahoma and the State of Oklahoma ("Gaming Compact"). Under the Gaming Compact, the Quapaw Tribe "consents to suit on a limited basis with respect to tort claims subject to the limitations set forth [in the Gaming Compact]." (Dkt. #15-3, p.14, Part 6.A.2.). The Gaming Compact defines the scope of its waiver to be for "tort claim[s] for personal injury or property damage against the enterprise arising out of incidents occurring at a facility." (*Id.* at Part 6.A.). Nowhere in the Gaming Compact does the Quapaw Tribe indicate an intention to waive its immunity from suit with respect to torts generally, or for patent infringement particularly. Patent infringement claims are not claims for "personal injury or property damage" that arose "out of incidents occurring at a facility" and therefore the Gaming Compact does not waive the Tribe's immunity from such suits.

Because the Quapaw Tribe enjoys sovereign immunity from patent infringement suits and did not waive its immunity, its Motion to Dismiss (Dkt. #13) is GRANTED.

IT IS SO ORDERED this 27th day of January, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma